UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IFTACH ALONY *and* AMIKAM SADE,

                                        Plaintiffs,

                    -v-

URI CHAITCHIK *and* NOAM TELTCH,

                                        Defendants.

---

24 Civ. 8723 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Defendants Uri Chaitchik and Noam Teltch have moved for reconsideration—or, alternatively, certification of an interlocutory appeal—of the Court's recent decision denying their motion to dismiss the Amended Complaint ("AC"). For the following reasons, the Court denies the present motion.

## I.    Background

The Court assumes familiarity with the background of this case. In brief, plaintiffs Iftach Alony and Amikam Sade claim that defendants carried out a scheme to defraud them and other lenders and investors of millions of dollars intended for the development of an ultra-luxury condominium in Manhattan (the "Project"). They bring substantive and conspiracy claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*

On December 11, 2025, the Court denied defendants' motion to dismiss the AC under Federal Rule of Civil Procedure 12(b)(6). Dkt. 48 ("MTD Decision") at 1.

On December 24, 2025, defendants moved for reconsideration or, alternatively, certification for interlocutory appeal of the MTD Decision. Dkts. 52–53 ("Mot."). On

January 13, 2026, plaintiffs opposed. Dkt. 55 ("Opp'n"). On January 20, 2026, defendants replied. Dkt. 58 ("Reply").

## II.     Motion for Reconsideration

### A.     Federal Rule of Civil Procedure 54(b) and Local Rule 6.3

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made "reflexively [to] reargue those issues already considered when a party does not like the way the original motion was resolved." *S.E.C. v. Neto*, 27 F. Supp. 3d 434, 439 (S.D.N.Y. 2014) (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011)).

### B.     Analysis

Defendants seek reconsideration on two grounds. First, they argue that the Court erroneously found proximate causation—an element of a RICO claim—plausibly pled. Mot. at 3. Second, they argue that the Court overlooked their argument that the AC's claims are "dressed-up claims for breach of contract or common business torts." *Id.* at 8. The Court considers each in turn.

2

### 1.    Whether the AC Plausibly Pled Proximate Causation

In the MTD Decision, the Court found two theories of proximate causation plausibly pled. First, the Court found that defendants' alleged misrepresentations to lenders and investors and diversions of Project funds proximately caused plaintiffs to lose their out-of-pocket investments or loans to the Project. MTD Decision at 29–30. Second, the Court found that defendants' alleged misrepresentations related to the 540 West 21st Street Holdings LLC ("Holdings") bankruptcy proceedings led plaintiffs to file late claims or no claims, depriving them of substantial monetary recovery. *Id.* at 30. Defendants challenge both findings, arguing that the Court "overlooked or misapplied the[] strict standards governing proximate causation." Mot. at 5.[1]

As to the first theory of injury, defendants argue that the AC did not plausibly allege the funds that *plaintiffs* loaned to and invested in the Project were misappropriated. *Id.* at 4–5. Defendants argued the same in their motion to dismiss. *See* MTD at 16 ("Plaintiffs fail[ed] to allege . . . any facts to show that Plaintiffs were the source of any of these transferred funds"). The Court rejected that argument in light of its duty, at the pleadings stage, to "draw all inferences in favor of the pleader." MTD Decision at 22 (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)). The Court found it plausible that plaintiffs had been the source of the

---

[1] Defendants argue, with respect to both theories, that the Court failed to address potential "superseding causes" or "a multitude of contingent factors" that might account for plaintiffs' claimed injuries. Mot. at 5–6. But defendants do not point to any particular facts overlooked by the Court. *See Bridgewater v. Taylor*, 832 F. Supp. 2d 337, 345 (S.D.N.Y. 2011) ("Motions for reconsideration are not granted unless the moving party can point to controlling decisions or factual matters that the court overlooked."). Nor do they cite authority requiring that a court, to find proximate cause plausibly pled, rule out all conceivable alternative causes. *Cf. Protter v. Nathan's Famous Sys., Inc.*, 904 F. Supp. 101, 110 (E.D.N.Y. 1995) ("To the extent that the plaintiff's business woes were the result of market forces . . . and not the defendants' alleged misrepresentations, such an issue constitutes a question of fact better resolved at trial than on a motion to dismiss.").

3

diverted funds based on the allegations that plaintiffs transferred funds for the Project into two New York bank accounts, and that $20 million of the $22 million of the funds in those accounts had then been transferred to individuals and entities other than those affiliated with the Project. *Id.* at 22. Because defendants' argument "relitigate[s] issues the MTD Decision resolved," it "does not justify reconsideration." *zCap Equity Fund LLC v. LuxUrban Hotels Inc.*, No. 24 Civ. 1030 (PAE), 2025 WL 2962772, at *2 (S.D.N.Y. Oct. 21, 2025).

As to the second theory of injury, defendants argue that the Court misapplied or overlooked Second Circuit precedent.

First, they argue that the Court "misapprehended or overlooked" authority that creditors of a bankrupt corporation generally do not have RICO standing because their injury is derivative of that of the corporation. Mot. at 5–6 (citing *Manson v. Stacescu*, 11 F.3d 1127, 1130 (2d Cir. 1993)). But the Court addressed that precedent in the MTD Decision. The Court noted that the Second Circuit "has permitted investors and lenders to recover where they alleged a *direct injury* flowing from a defendant's predicate acts." *See* MTD Decision at 32 (emphasis added) (citing *Bankers Tr. Co. v. Rhoades*, 859 F.2d 1096, 1101 (2d Cir. 1988)); *see also Manson*, 11 F.3d at 1130 (recognizing "a narrow exception to the general rule denying creditors standing" where creditors "sustained a direct injury"). The Court found a direct injury plausibly pled because defendants "specifically targeted plaintiffs" by omitting them from bankruptcy schedules in the bankruptcy proceedings. MTD Decision at 32. Defendants' argument thus rehashes one that the Court rejected.

Second, defendants argue that the Court "misapplied" *Alix v. McKinsey & Co., Inc.*, 23 F.4th 196 (2d Cir. 2022), which they describe as "inapposite." Mot. at 6. Defendants argue the Court overlooked that case's unique circumstances—namely, that McKinsey & Co. targeted the

4

federal judiciary by knowingly and repeatedly filing false disclosures in bankruptcy proceedings—which prompted the Second Circuit to call its decision "*sui generis*." *Id.* at 7 (quoting *Alix*, 24 F.4th at 204). But the Court, in the MTD Decision, noted numerous similarities between the cases, including defendants' alleged filing of false or incomplete disclosures in bankruptcy court, which "likewise implicate[d] 'the integrity of bankruptcy processes.'" MTD Decision at 31–32 (quoting *Alix*, 23 F.4th at 207). Defendants' disagreement with the Court's application of *Alix* here does not justify reconsideration. *See In re Eur. Gov't Bonds Antitrust Litig.*, No. 19 Civ. 2601, 2020 WL 7321056, at *3 (S.D.N.Y. Dec. 11, 2020) ("As is well-established, disagreement with the Court's analysis does not entitle Moving Defendants to reconsideration."); *Sjunde AP-Fonden v. Gen. Elec. Co.*, 722 F. Supp. 3d 347, 352 (S.D.N.Y. 2024) ("Defendants are entitled to disagree with the Court's rulings, but their remedy is to prevail at trial or on appeal, not to get a 'second bite at the apple.'" (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012))).

Because defendants' arguments recycle ones the Court has previously considered and rejected, they do not support reconsideration. *See, e.g.*, *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Montanus v. Columbia Mgmt. Inv. Advisers, LLC*, No. 25 Civ. 2798 (PAE), 2025 WL 3706567, at *5 (S.D.N.Y. Dec. 22, 2025) (denying reconsideration where movant "repeat[ed] 'old arguments previously rejected'" (citing *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

5

### 2.    Whether the AC's RICO Claims Are "Dressed-Up" Breach of Contract and Common Business Tort Claims

Defendants next argue that the Court failed to address its argument that the AC's RICO claims "amount—at most—to dressed-up claims for breach of contract or common business torts." Mot. at 8. Defendants cite two approximately 30-year-old district court decisions in support of that argument. *Id.* But defendants have not "demonstrated that the Court overlooked any controlling decisions or factual matters put before it." *Murdaugh v. City of New York*, No. 10 Civ. 7218, 2011 WL 1991450, at *1 (S.D.N.Y. May 19, 2011); *see also In re Tremont Sec. L., State L., & Ins. Litig.*, No. 8 Civ. 11117, 2014 WL 6480653, at *1 (S.D.N.Y. Nov. 14, 2014) ("controlling decisions include decisions from the United States Court of Appeals for the Second Circuit, but not decisions from other circuits or district courts"). And reconsideration is not warranted merely because the Court did not expressly address this argument in the MTD Decision. *See Moore v. T-Mobile USA, Inc.*, No. 10 Civ. 527, 2013 WL 55799, at *2 (E.D.N.Y. Jan 2, 2013) ("The fact that this Court did not find that this particular argument merited discussion should not be misconstrued as evidence that this Court overlooked this argument."), *aff'd*, 548 F. App'x 686 (2d Cir. 2013) (summary order); *Barbuto v. Syracuse Univ.*, No. 23 Civ. 245, 2024 WL 4135716, at *2 (N.D.N.Y. Sept. 10, 2024) ("the Court need not address each argument advanced by counsel," especially where "the argument is meritless").

In any event, this argument for dismissal lacks merit. Defendants suggest that, because the AC's state law claim is based on "substantially the same allegations" as the AC's RICO claims, the RICO claims cannot stand. Mot. at 8. Although plaintiffs may not "transform a garden variety fraud or breach of contract case into a vehicle for treble damages," *Fuji Photo Film U.S.A., Inc. v. McNulty*, 640 F. Supp. 2d 300, 309 (S.D.N.Y. 2009) (cleaned up), overlap between factual allegations underlying RICO and state law claims is not a barrier to bringing

6

RICO claims.  Courts often sustain RICO and state law claims based on similar allegations.  *See,
e.g.*, *Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo*, 346 F. Supp.
3d 432, 440 (S.D.N.Y. 2018) (denying motion to dismiss as to RICO and state law claims,
including aiding and abetting breach of fiduciary duty); *McNulty*, 640 F. Supp. 2d at 322 (same);
*Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 350–52 (S.D.N.Y. 2015) (same as to RICO and
conversion claims).  Accordingly, even had the RICO decision not taken account of this
argument, it does not merit reconsideration because it would not "reasonably be expected to alter
the conclusion reached by the [C]ourt."  *Diakite v. U.S. Citizenship & Immigr. Servs.*, No. 23
Civ. 725, 2024 WL 2884047, at *1 (S.D.N.Y. May 14, 2024) (quoting *Shrader*, 70 F.3d at 257).

## III.    Motion for Certification for Interlocutory Appeal

### A.    Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Certification for interlocutory appeal requires the moving party to show that an order
(1) "involves a controlling question of law," as to which (2) "there is substantial ground for
difference of opinion," and (3) that "an immediate appeal from the order may materially advance
the ultimate termination of the litigation."  *In re Gen. Motors LLC Ignition Switch Litig.*, 427 F.
Supp. 3d 374, 391 (S.D.N.Y. 2019) (quoting 28 U.S.C. § 1292(b)).  Certifications should be
"strictly limited because only exceptional circumstances will justify a departure from the basic
policy of postponing appellate review until after the entry of a final judgment."  *Fed. Hous. Fin.
Agency v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 337 (S.D.N.Y. 2012) (quoting *Flor v. BOT Fin.
Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)), *aff'd*, 712 F.3d 136 (2d Cir. 2013)).  "Even where the
three legislative criteria of Section 1292(b) appear to be met, district courts retain unfettered
discretion to deny certification if other factors counsel against it."  *In re Facebook, Inc., IPO Sec.
& Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (cleaned up).

7

**B.**     **Analysis**

Defendants move for certification for interlocutory appeal as to at least three questions: (1) "whether unsecured creditors and minority equity holders of bankrupt and insolvent entities can plead proximate causation based on the kinds of facts alleged here"; (2) "whether claims of material injury from misrepresentations later corrected/ameliorated in bankruptcy proceedings are actionable under RICO"; and (3) "whether Plaintiffs can—through these kinds of allegations—dress up contract and ordinary business tort claims into RICO claims." Mot at 8–9.

Defendants' certification bid fails because there is no difference of opinion on such questions of law.[2] A "substantial ground for a difference of opinion" may exist when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 391 (S.D.N.Y. 2020) (citation omitted). Defendants fail to demonstrate either. On the contrary, defendants represent that there is "ample legal authority" answering the questions that they ask this Court to certify. Mot. at 9 ("ample legal authority for the proposition that . . . a creditor's injury due to a corporation's default that is caused by another party's action is considered derivative, not direct, for purposes of RICO causation"); *id.* at 9–10 ("ample legal authority for the proposition that courts should not permit plaintiffs—through creative pleading—to dress up

---

[2] Because the second statutory requirement for certification is lacking, the Court need not consider the others. The Court nevertheless finds that, as to the first, defendants' proposed questions are highly fact-bound and thus do not present controlling questions of law that "can be decided quickly and cleanly without detailed study of the record." *In re China Med. Techs., Inc.*, No. 12 Civ. 13736, 2013 WL 6667789, at *10 (S.D.N.Y. Dec. 17, 2013) ("interlocutory appeal is not appropriate where a legal issue is essentially fact based in nature"); *see also In re Fosamax Prods. Liab. Litig.*, No. 6 Civ. 9455, 2011 WL 2566074, at *4 (S.D.N.Y. June 29, 2011) ("a legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law" (citation omitted)).

contract and ordinary business tort claims into treble damages RICO claims"). Defendants take issue with the Court's application of these established principles, but that does not create a "difference of opinion" meriting interlocutory appeal. *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion."). The Court accordingly denies defendants' motion to certify the MTD Decision for interlocutory appeal. *See, e.g.*, *Prout v. Vladeck*, 319 F. Supp. 3d 741, 747 (S.D.N.Y. 2018) (finding interlocutory appeal "unwarranted because there is not a substantial ground for difference of opinion on any controlling question of law"); *Foster v. City of New York*, No. 14 Civ. 4142, 2018 WL 11323303, at *13 (S.D.N.Y. June 18, 2018) (same); *Prestigious Shipping Co. v. Agrocorp Int'l PTY Ltd.*, No. 7 Civ. 7107, 2007 WL 2847210, at *1 (S.D.N.Y. Oct. 1, 2007) (same).

## CONCLUSION

For the above reasons, the Court denies defendants' motion for reconsideration and for certification for interlocutory appeal.

The Clerk of the Court is respectfully directed to terminate the motion pending at docket 52.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Date: March 5, 2026
New York, New York

9