



## SpencerFane

June 26, 2026

**VIA CM/ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

> **Re:    Alony, et al. v. Chaitchik, et al., No. 1:24-cv-08723 (PAE) (S.D.N.Y.); Letter Motion to Stay Limited Fact Discovery (Motion to Compel Practice) Until After Conclusion of Settlement Conference**

Dear Judge Engelmayer:

On behalf of Plaintiffs Iftach Alony and Amikam Sade ("Plaintiffs"), we respectfully submit this letter motion as an application to (1) stay motion to compel practice with respect to the topics and parties named herein until the conclusion of the settlement conference; and (2) upon the conclusion of the settlement conference (if settlement not is reached), to allow Plaintiffs to engage in motion to compel practice, and to permit the named parties who are the targets of such proposed motions to compel to produce responsive documents to Plaintiffs' requests.

Plaintiffs have engaged in diligent efforts to obtain fact discovery prior to the conclusion of fact discovery, as described below. Plaintiffs would be prejudiced if Defendants and certain subpoena targets (who represent or have represented Defendants) are able to withhold production on the grounds that fact discovery concluded before they produced documents in response to Plaintiffs' timely-served requests.  As described below, Plaintiffs are unable to obtain these documents by other means and have been diligent in their discovery and meet and confer efforts.  Defendants will not be prejudiced as they have had notice of the subpoenas since before service of the subpoenas and expert discovery is currently stayed due to the anticipated settlement conference. Perhaps most importantly, Plaintiffs believe that there is a better likelihood that Plaintiffs, Defendants, and the subpoena targets can reach agreements on production if Plaintiffs are not required to immediately commence motion to compel practice because of the impending fact discovery deadline.

Further, given that this action may be resolved during the upcoming settlement conference, it is a waste of the Court's, the parties', and the third-parties' resources for Plaintiffs to engage in motion to compel practice at this time.  Plaintiffs requested Defendants' consent to this relief yesterday and Defendants indicated that they required more time to make such decision.





SpencerFane

**Bryan Cave Leighton Paisner LLP**

Bryan Cave Leighton Paisner LLP ("Bryan Cave") were attorneys for Defendants, the members of the RICO Affiliate Enterprise, and other entities involved in the RICO scheme named in the Amended Complaint, including Ambarfeld, Ltd. Based on corporate records showing dissolved/inactive status and the testimony of Defendants that the sole and/or primary purpose of each of the members of the RICO Affiliate Enterprise was to manage the Project described in the Amended Complaint, Plaintiffs determined that they would not be able to seek documents directly from these now-defunct entities. Plaintiffs requested that Defendants search their own records and any records of the corporate entities in their possession, custody, or control. Defendants agreed to this request. However, now that Defendants have made the majority of their production in this case, it is apparent that Defendants have not been able to produce many documents in the possession of Bryan Cave and that Bryan Cave is the only source for such documents.

On April 15, 2026, Plaintiffs issued a subpoena to Bryan Cave, which was served on April 17, 2026. Plaintiffs held their first meet and confer with Bryan Cave on April 22, 2026. Plaintiffs held three meet and confer meetings with Bryan Cave in May and three meet and confer meetings with Bryan Cave in June, including providing proposed custodians and search terms to Bryan Cave. Based on these seven meetings with Bryan Cave, Plaintiffs reasonably believed that Bryan Cave would produce certain documents responsive to the subpoena, with the understanding that disputes over certain other documents may need to be raised with the Court (for example, disputes over privilege). As of today, Bryan Cave has not produced any documents responsive to the subpoena.

Bryan Cave is a key player in the allegations in the Amended Complaint. As alleged in the Amended Complaint, Defendants instructed Bryan Cave to make false statements and representations to the Bankruptcy Court and creditors in the Bankruptcy Proceedings. Defendant Chaitchik testified in his deposition on May 27, 2026 that he relied on the advice of Bryan Cave in making the statements at issue in the Amended Complaint, including the statements in the Bankruptcy Schedules and Bankruptcy Plan. Bryan Cave was also the attorney for Ambarfeld, Ltd (see attached Exhibit 1). Accordingly, Bryan Cave also likely has documents not produced by Defendants relating to the investment in the Project by Plaintiffs through Great Feats and Ambarfeld.

**Fried, Frank, Harris, Shriver & Jacobson LLP**

Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") were attorneys to the Defendants, certain members of the RICO Affiliate Enterprise, Defendant Chaitchik's father-in-law and his company, Ray New York LLC. On April 13, 2026, Plaintiffs issued a subpoena to Ray New York. On May 12, 2026, Fried Frank informed Plaintiffs that Ray New York would not respond to the subpoena because it was dissolved. Accordingly, Plaintiffs are unable to obtain relevant information from Ray New York; Fried Frank is the only source for such documents. Additionally, Defendants have not been able to produce documents of the RICO Affiliate Enterprise that are in the possession of Fried Frank, again making Fried Frank the only source for those documents. Accordingly, on May 27, 2026, Plaintiffs served a subpoena on







## SpencerFane

Fried Frank.  Plaintiffs have held two meet and confer meetings with Fried Frank in June and have provided Fried Frank with a list of search terms. Fried Frank is willing to work with Plaintiffs on identifying documents for production, but has not yet agreed to produce documents.  Plaintiffs are optimistic that they could reach an agreement with Fried Frank regarding production with additional time. Plaintiffs believe that filing a motion to compel against Fried Frank would thwart such ongoing production discussions between the parties.

**Prager Metis CPAs LLC**

Prager Metis CPAs LLC ("Prager Metis") were the accountants for Defendant Teltch and certain members of the RICO Affiliate Enterprise.  Plaintiffs issued the Prager Metis subpoena on May 7, 2026, but it was not served until May 22, 2026 due to Prager Metis refusing service several times before successful service. Prager Metis has agreed to produce documents responsive to the subpoena next week. However, Plaintiffs may need to engage in motion to compel practice if such documents are not produced or the production is deficient.

**Defendants – solely with respect to documents withheld on grounds of privilege**

By agreement of the parties, privilege logs are not due until July 7, 2026.  The parties have met and conferred over several potential privilege disputes.  For example, Plaintiffs  seek all of Defendants communications  with attorneys for the now-dissolved entities. *See SEC v. Carrillo Huettel LLP*, 2015 WL 1610282 (S.D.N.Y. 2015). Additionally, with respect to Holdings' bankruptcy attorneys, given that Defendant Chaitchik testified that he relied on his attorneys at Bryan Cave for the statements in the Voluntary Petition, Schedules, and Plan, he has additionally waived the privilege as to all communications with Bryan Cave on that subject matter.  The parties have made some progress during their meet and confer efforts in this regard and, with more time, Plaintiffs hope that an agreement can be reached without motion to compel practice.

Accordingly, Plaintiffs submit that there is good cause to (1) stay motion to compel practice with respect to the subpoenas issued to Bryan Cave, Fried Frank, and Prager Metis and with respect to the Defendants' claims of privilege; and (2) upon the conclusion of the settlement conference (if settlement not is reached), to allow Plaintiffs to engage such motion to compel practice, and to permit the named parties who are the targets of such proposed motions to compel to produce responsive documents to Plaintiffs' requests.

Respectfully,

*/s/ Lauren Friend McKelvey*
Lauren Friend McKelvey

cc:  All Counsel of Record (via CM/ECF)

GRANTED. In light of the defendants' qualified non-opposition and the overall interest in conserving resources of the parties and the court by avoiding resolution of potentially needless motions, the Court stays motion to compel practice until the conclusion of the settlement conference. Plaintiffs are directed to file a letter on the docket **within three days** of that conference, stating whether they intend to file a motion to compel.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Date: June 30, 2026
New York, New York