

SpencerFane®

June 29, 2026

**VIA CM/ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

>    Re:    **Alony, et al. v. Chaitchik, et al., No. 1:24-cv-08723 (PAE) (S.D.N.Y.); Letter Request for Pre-Motion Discovery Conference Regarding Motions to Compel**

Dear Judge Engelmayer:

We represent Plaintiffs Iftach Alony and Amikam Sade ("Plaintiffs") in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule E and Local Civil Rule 37.2, Plaintiffs respectfully request a pre-motion discovery conference regarding three discrete but related discovery disputes: (1) non-party Bryan Cave Leighton Paisner LLP's ("BCLP") failure to comply with Plaintiffs' subpoena; (2) non-party Fried Frank Harris Shriver & Jacobson LLP's ("Fried Frank") failure to comply with Plaintiffs' subpoena; and (3) Defendants Uri Chaitchik and Noam Teltch's failure to produce documents claimed as privileged on behalf of dissolved entities and which relate to their advice-of-counsel defense. The parties have met and conferred in good faith numerous times across these disputes, by video conference, telephone, and in written correspondence, and have been unable to resolve them. As indicated in Plaintiffs' letter of June 26, 2026, requesting an extension to the deadline to file motions to compel, Plaintiffs believe that there is a likelihood that Plaintiffs, the subpoena targets, and Defendants can reach agreements on production if a limited extension to the fact discovery deadline is granted. But, out of an abundance of caution, Plaintiffs request the conference below in the event the Court does not grant the requested extension.

**I. Bryan Cave Leighton Paisner LLP**

BCLP served as bankruptcy counsel to 540 West 21st Street Holdings LLC ("Holdings") throughout the bankruptcy proceedings in Delaware. Prior to the bankruptcy, BCLP also served as counsel to Defendants and to certain of Holdings' and Defendants' affiliated entities (the "Affiliated Entities"). Plaintiffs served BCLP with a thirteen-request document subpoena on April 14, 2026. On April 30, 2026, BCLP responded with objections as to every single request, citing attorney-client privilege, client confidentiality, and undue burden. The meet-and-confer process (conducted over seven sessions and numerous written exchanges) has, as of yet, been unsuccessful. Plaintiffs have agreed to narrow the subpoena and have provided search terms. BCLP has not estimated the number of responsive documents, and has not produced a privilege log — despite an explicit privilege log requirement in the Subpoena's Instructions. It was not until recently that Plaintiffs became concerned that BCLP's frequent requests to "meet and confer" may actually have been a tactic "run out the clock" on the discovery deadline to the benefit of their former clients, the Defendants.







## SpencerFane

BCLP's failure to produce documents is legally untenable on three independent grounds. First, Holdings was dissolved through its confirmed Chapter 11 Plan of Liquidation (effective March 2024) and Holdings, along with the 540 West Entities, allowed their corporate status to lapse in Delaware and no longer exist. Under controlling authority in this District, a dissolved or defunct corporation retains no attorney-client privilege. *S.E.C. v. Carrillo Huettel LLP*, No. 13 Civ. 1735, 2015 WL 1610282, at \*2–3 (S.D.N.Y. Apr. 8, 2015) ("The weight of authority . . . holds that a dissolved or defunct corporation retains no privilege."). Because Plaintiffs assert claims under federal RICO law, federal common law governs privilege, and federal common law compels production. *Id.* at \*3.

Second, even if any privilege survived dissolution, BCLP has violated Federal Rule of Civil Procedure 45(e)(2)(A) by failing to produce a privilege log. *See In re Subpoena to Loeb & Loeb LLP*, 19 Misc. Civ. 241 (PAE), 2019 WL 2428704, at \*5 (S.D.N.Y. June 11, 2019) (noting that failure to produce a privilege log while claiming privilege violates Rule 45).

Third, many requested documents — including BCLP's communications with the U.S. Trustee, third-party investors and creditors (and their agents), and government agencies — were never privileged in the first instance. Plaintiffs intend to move to compel full production, or in the alternative a complete privilege log and production of all non-privileged documents.

## II. Fried Frank Harris Shriver & Jacobson LLP

Fried Frank served as counsel to Ray New York, LLC ("Ray New York") — the entity owned by Defendant Chaitchik's father-in-law that received a $64.5 million payment from the sale of the 540 West property through the bankruptcy plan. Further, Fried Frank has represented the Defendants and certain of the Affiliated Entities. BCLP's own time records — filed in the Bankruptcy Court — reflect communications between BCLP, Defendants, and Fried Frank regarding "funding of first draw under DIP Lending Facility," the insider relationship between Chaitchik and Ray New York, and related plan issues. These communications are directly relevant to Plaintiffs' RICO fraud claims, as they concern the concealment of an insider relationship and the diversion of project proceeds. Plaintiffs served Fried Frank with a document subpoena, and Fried Frank objected on substantially identical grounds as BCLP. The meet-and-confer process (conducted over two sessions with some written exchanges) has, as of yet, been unsuccessful.

The same legal framework defeats Fried Frank's objections. To the extent Fried Frank represented the Affiliated Entities or Ray New York in connection with any matter, those entities are dissolved and hold no privilege. Moreover, communications with BCLP and/or third parties concerning the DIP loan, the insider relationship disclosure, and the bankruptcy plan, as well as communications with third-party investors and creditors (and their agents), are not privileged as against Plaintiffs — they are communications in which Fried Frank was acting as transactional counsel in a matter now central to Plaintiffs' fraud claims. Plaintiffs intend to move to compel Fried Frank to search for and produce all responsive non-privileged documents and to provide a complete privilege log for any withheld documents.

## III. Defendants Uri Chaitchik and Noam Teltch

Plaintiffs seek an order compelling Defendants to produce two categories of documents they have wrongfully withheld.







SpencerFane

**A. Documents Withheld Based on Privilege Claims for Dissolved Entities.** Defendants have asserted the attorney-client privilege over communications involving the Holdings and the Affiliated Entities — including communications with BCLP during the bankruptcy proceedings — as a basis for withholding documents responsive to Plaintiffs' discovery requests. This assertion fails for the same reasons it fails for BCLP itself: the Holdings and the Affiliated Entities are dissolved and retain no privilege. *Carrillo*, 2015 WL 1610282, at *2–3. Accordingly, Defendants must produce all documents withheld solely on the ground that they reflect communications involving counsel for the dissolved entities. .

**B. Documents Related to Defendants' Advice-of-Counsel Defense.** Defendants repeatedly invoked the "advice of counsel" during their depositions, suggesting they relied on legal guidance — including from BCLP— to justify their conduct in connection with the bankruptcy proceedings, including the voluntary petition and bankruptcy plan. The law is well-settled: "[a]ssertion of an advice of counsel defense is the 'quintessential example' of an implied waiver" of the attorney-client privilege. *Carrillo*, 2015 WL 1610282, at *5 (quoting *In re County of Erie*, 546 F.3d 222, 228 (2d Cir. 2008)). A party cannot use legal advice as a sword while simultaneously invoking privilege as a shield against examination of those communications.

Defendants appear to have recognized the force of these arguments: during the meet-and-confer process, Defendants' counsel indicated that Defendants would produce documents withheld based on Holdings' privilege and/or relating to the advice-of-counsel defense. To date, no such production has been made. Further, Defendants have not agreed to produce Affiliated Entity documents withheld on the basis of privilege, or documents where both Holdings and Defendants were the clients.

Plaintiffs therefore will seek an order compelling Defendants to produce all documents withheld based on privilege for dissolved entities and/or related to the bankruptcy proceedings (the subject-matter of their advice of counsel defense). Defendants cannot fail to produce documents by the discovery deadline (including documents they agreed to produce during the meet-and-confer process) and then use the discovery deadline a reason that they cannot be compelled to produce documents.

**IV. Relief Requested and Certification of Meet-and-Confer**

Plaintiffs respectfully request a pre-motion conference at the Court's earliest convenience. Plaintiffs are prepared to file formal motions to compel simultaneously or on a schedule set by the Court. As noted above, counsel for Plaintiffs has conferred in good faith with counsel for Defendants, BCLP, and Fried Frank on numerous occasions by telephone and video conference, and has exchanged extensive written correspondence attempting to resolve each of these disputes. Those efforts have been unsuccessful. Plaintiffs respectfully request that the Court also authorize limited expedited briefing given that these discovery disputes are impeding Plaintiffs' ability to complete fact discovery.

Yesterday, the Court granted plaintiffs' request for a stay of discovery pending the settlement conference. Dkt. 103. Accordingly, this request is denied, without prejudice, as moot.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Date: July 1, 2026

Respectfully,
*/s/ Lauren Friend McKelvey*
Lauren Friend McKelvey
lmckelvey@spencerfane.com
Spencer Fane LLP
*Counsel for Plaintiffs*